UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LYCOS, INC.,

    Plaintiff,

vs.

WHITAKER & FROST, LLC, d/b/a
WHITAKER & FROST BROKERS and
DAVID WHITAKER,

    Defendants.

04 10479 REK

MAGISTRATE JUDGE _____ Civil Action No.

RECEIPT #_____
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 3/9/04

## COMPLAINT

Plaintiff Lycos, Inc. brings this action seeking damages, attorneys' fees, and other relief arising from breaches of agreements by defendant Whitaker & Frost, LLC, d/b/a Whitaker & Frost Brokers ("Whitaker & Frost"), and its president, David Whitaker. Whitaker & Frost breached agreements it made with Lycos, Inc. by not paying for advertising and lead generation undertaken on its behalf. David Whitaker has failed to fulfill his personal guarantee of Whitaker & Frost's debts.

### Parties and Jurisdiction

1.     Plaintiff Lycos, Inc. ("Lycos") is a Delaware corporation with its principal place of business in Waltham, Massachusetts.

2.     Defendant Whitaker & Frost is a business formed in Maryland and has its principal place of business in Bethesda, Maryland.

3. David Whitaker is President of Whitaker & Frost and resides in White Plains, Maryland.

4. This court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000 and the controversy is between citizens of different states.

5. Lycos is a citizen of the Commonwealth of Massachusetts for purposes of this action because it has its principal place of business in Massachusetts. Whitaker & Frost is a citizen of Maryland for purposes of this action because it was formed in Maryland and has its principal place of business in Maryland. David Whitaker resides in Maryland.

6. This court has personal jurisdiction over the defendants because, among other reasons, (1) the defendants executed agreements in which they consented to personal jurisdiction in Massachusetts; (2) they negotiated, entered into, and breached agreements in Massachusetts; and (3) Lycos performed its obligations under the agreements that are the subject of this action, and suffered damages in Massachusetts.

7. Venue in this court is proper because Lycos' principal place of business is in Waltham, Massachusetts, and the defendants executed agreements assenting to venue in any state or federal court in the Commonwealth of Massachusetts.

**Facts**

8. Lycos is one of the leading internet portals in the United States, and provides subscribers with communications access, content and other services. Lycos also provides advertisers with marketing access to a large and highly segmented audience.

2

9. Whitaker & Frost engages in business on the internet, including selling business supplies, telephone services, and other business services.

10. As such, Whitaker & Frost recognized the value of Lycos' advertising services and entered into agreements with Lycos in order to obtain these services. These agreements are called Insertion Orders.

11. In August 2003, Whitaker & Frost and Lycos executed Insertion Order No. 3010.

12. In September 2003, Whitaker & Frost and Lycos executed Insertion Order No. 3067.

13. In October 2003, Whitaker & Frost and Lycos executed Insertion Order No. 3315.

14. According to these three Insertion Orders ("the Insertion Agreements"), Lycos agreed to run certain advertisements on the internet for certain periods of time and Whitaker & Frost agreed to pay for the advertisements.

15. In August 2003, Whitaker & Frost and Lycos also entered into a Co-Registration GetRelevant Marketer Insertion Order (the "Co-Registration Agreement").

16. According to the Co-Registration Agreement, Whitaker & Frost was to supply Lycos with certain client materials such as logos and offer descriptions, and Lycos was to use the client materials to generate "qualified leads" on prospective customers. Whitaker & Frost was to pay Lycos for the qualified leads it provided.

17. In August 2003, David Whitaker signed an agreement with Lycos in which he stated: "I hereby unconditionally guarantee the full and punctual payment and

performance of all amounts and obligations which may become due to you by the Company [Whitaker & Frost]."

18. Lycos performed its obligations under the Insertion Agreements and Co-Registration Agreement.

19. Lycos properly billed Whitaker & Frost for its services under the Insertion Agreements and Co-Registration Agreement in the amount of $168,500.32, as detailed in the attached invoices.

20. Lycos made demand for payment upon Whitaker & Frost on numerous occasions.

21. Lycos made demand on David Whitaker in accordance with the personal guarantee he executed.

22. Neither Whitaker & Frost nor David Whitaker has paid any of the money owing Lycos.

23. The Insertion Agreements contain identical "Terms and Conditions," which include the following:

> Payment. Unless otherwise agreed in writing, the first month's fees are due upon the execution of this contract by the advertiser/agency and thereafter, pro rata monthly in advance. If payment is not made timely, Lycos, at its option, may immediately terminate the contract. In addition, advertiser/agency shall be liable to Lycos for all attorney's fees and other costs of collection. Interest will accrue on any past due amounts at the rate of the lesser of one and one-half (1 ½%) percent per month or the lawful maximum.

24. The Insertion Agreements further provide:

> Choice of Law and Forum. This contract shall be interpreted and construed in accordance with the laws of the Commonwealth of Massachusetts, without regard to its conflicts of laws provision, and with the same force and effect as if fully executed and performed therein. Each party hereby consents to the exclusive personal jurisdiction of the Commonwealth of Massachusetts, acknowledges that venue is proper only in any state or Federal court in the Commonwealth of

4

Massachusetts, agrees that any action related to this contract must be brought in a state or Federal court in the Commonwealth of Massachusetts, and waives any objection that may exist, now or in the future, with respect to any of the foregoing.

## COUNT I
## Breach of Contract

25. Lycos restates the allegations contained in Paragraphs 1 through 24 of this Complaint.

26. The Insertion Agreements and Co-Registration Agreement require Whitaker & Frost to pay for advertising and lead generation undertaken at its request.

27. Lycos has duly performed all of its obligations to Whitaker & Frost under the terms of the Insertion Agreements and the Co-Registration Agreement.

28. Whitaker & Frost has breached the Insertion Agreements and Co-Registration Agreement by failing to pay amounts due.

29. By breaching the Insertion Agreements and Co-Registration Agreements, Whitaker & Frost has caused substantial harm and damages to Lycos.

## COUNT II
## Breach of Personal Guarantee

30. Lycos restates the allegations contained in Paragraphs 1 through 29 of this Complaint.

31. David Whitaker has breached his personal guarantee by failing to pay Lycos for the advertising and lead generation it provided Whitaker & Frost.

32. By breaching his personal guarantee, David Whitaker has caused Lycos to suffer substantial harm and damages.

## COUNT III
### Account Annexed

33. Lycos restates all the allegations contained in Paragraphs 1 through 32 of this Complaint.

34. The documents attached to this Complaint as Exhibit A are true and accurate copies of invoices kept in the regular course of Lycos' business.

35. Defendant Whitaker & Frost owes Lycos $168,500.32 according to the account annexed to this Complaint as Exhibit A.

36. As a result of Whitaker & Frost's failure to pay its account, Lycos has suffered substantial harm and damages.

## REQUEST FOR RELIEF

WHEREFORE, Lycos respectfully requests that this Court:

(1) enter judgment in Lycos' favor on all counts of this Complaint;

(2) award Lycos compensatory and exemplary damages in the amount of $168,500.32, plus interest on that sum at the rate of one and one-half percent (1 ½%) per month as agreed to by the parties in their Insertion Agreement;

(3) award Lycos attorneys' fees, and other collection costs as agreed to by the parties in their Insertion Agreements.

(4) grant such other relief as is appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on those causes of action and issues where Plaintiff is so entitled.

                                      Respectfully submitted,

                                      LYCOS, INC.

                                      By its attorneys:

                                      _____
                                      Jeffrey D. Clements, BBO #632544
                                      Clements & Clements LLP
                                      50 Federal Street
                                      Boston, MA 02110
                                      (617) 451-1802

Dated: 3/9/2004